Argued and submitted July 1, affirmed December 8, 1999

In the Matter of the Compensation of
Denise L. Allen, Claimant.

BI-MART CORPORATION,
*Petitioner,*

*v.*

Denise L. ALLEN,
*Respondent.*

(98-02759; CA A104789)

991 P2d 1087

Michael G. Bostwick argued the cause and filed the brief for petitioner.

Charles L. Lisle argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

### EDMONDS, P. J.

Employer seeks review of a Workers' Compensation Board order denying its motion for sanctions after claimant sought to enforce a penalty award. ORS 656.295 and ORS 656.298. We review for errors of law, ORS 183.482(8)(a), and for abuse of discretion, ORS 183.482(7), and affirm.

Claimant has an accepted claim for a back strain with employer and a herniated disc condition that employer denied on the ground that it was unrelated to the accepted claim. In a previous hearing, an administrative law judge (ALJ) set aside the denial and assessed a 25 percent penalty pursuant to ORS 656.262(11). However, there was no penalty owed if no amounts were due on the claim at the time of the denial. Two years later, claimant filed a request for hearing, seeking enforcement of the penalty. However, claimant was unable to establish at the hearing that any compensation was due. Thereafter, employer moved for sanctions under ORS 656.390.[1]

■    Employer's sole assignment of error is that "[the] Board erred when it failed to address the statutory definition of 'frivolous' in considering the employer's request for sanctions pursuant to ORS 656.390, and instead used a test of 'colorable argument' in determining whether or not claimant's actions were frivolous." Thus, the question presented by the assignment is "[w]hether or not the [Board] used the proper legal test to determine if sanctions should be awarded pursuant to ORS 656.390." In addition, employer argues that the *only* evidence claimant produced to support her request

---

[1] ORS 656.390 provides:

"(1) Notwithstanding ORS 656.236, if either party requests a hearing * * *, and the Administrative Law Judge, board or court finds that the appeal or motion for reconsideration was frivolous or was filed in bad faith or for the purpose of harassment, the Administrative Law Judge, board or court may impose an appropriate sanction upon the attorney who filed the request for hearing, request for review, appeal or motion. The sanction may include an order to pay to the other party the amount of the reasonable expenses incurred by reason of the request for hearing, request for review, appeal or motion, including a reasonable attorney fee.

"(2) As used in this section, 'frivolous' means the matter is not supported by substantial evidence or the matter is initiated without reasonable prospect of prevailing."

for hearing was evidence that demonstrated that she had no chance of prevailing and that, therefore, the Board was *required* to award sanctions as a matter of law.

ORS 656.390(2) provides that " 'frivolous' means the matter is not supported by substantial evidence or the matter is initiated without reasonable prospect of prevailing." In its order, the Board quoted the statutory definition verbatim. It then said:

> "[W]e do not find claimant's hearing request to be frivolous. In this regard, we agree with and have adopted the ALJ's conclusion that the fact that the earlier ALJ awarded a penalty and the Board affirmed the penalty award, gave claimant a colorable argument that she was entitled to enforcement of the penalty. Accordingly, we do not find claimant's hearing request to be frivolous and we deny the motion for sanctions."

Because it is apparent from the Board's order that it applied the correct statutory definition, the Board did not err in that regard.

■      Second, the Board's refusal to award sanctions is within its discretion, and it was not required to award a sanction under the language of the statute. ORS 656.390(1) provides that, if the Board finds that the request was frivolous, then the Board *"may* impose an appropriate sanction upon the attorney who filed the request for hearing[.]" (Emphasis added.) Nothing in the language of the statute compels the Board to award sanctions even when it finds the request to be frivolous. Here, the Board reasoned that claimant's hearing request was not frivolous because of the prior award. Assuming that employer is correct that claimant offered no evidence that employer owed compensation at the time of the denial, there still was no abuse of discretion. An abuse of discretion occurs when the Board exceeds the legal bounds of its authority. Because the Board applied the correct legal test under ORS 656.390, and then exercised its discretion not to award sanctions as the statute authorized, it did not err.

Affirmed.